JAMES M. DUNCAN, plaintiff in error, *v.* ISAAC McAFFEE, defendant in error.

*Error to Fayette.*

A suit by petition and summons will lie upon a note under seal; and such note is correctly described in the petition, as a bond.
The description of a defendant, in a suit by petition and summons, as " J. M. Duncan, *alias* James M. Duncan," is sufficient.

THIS cause was heard in the court below, at the October term, 1839, before the Hon. Sidney Breese. Judgment was rendered for the plaintiff. The defendant brought the cause to this Court by writ of error.

F. FORMAN, for the plaintiff in error.

O. PETERS and J. S. GREATHOUSE, for the defendant in error.

BREESE, Justice, delivered the opinion of the Court:

The record in this cause shows an action of *debt* commenced in the Circuit Court of Fayette county, at the October term, 1839, by petition and summons, on an instrument in writing in the following form:

" $ 200. Six months after date I promise to pay John S. Greathouse or order, two hundred dollars, and interest at the rate of 12 per centum per annum, after due, for value received of him. Witness my hand and seal this 17th day of January, 1839,

J. M. DUNCAN, [SEAL.]"

And on which is the following endorsement, " I assign the within note to Isaac McAffee, for value received of him, this 1st day of July, 1839. J. S. GREATHOUSE."

(1) The Hon. Stephen A. Douglass did not take his seat upon the bench until the last day of the term.

A motion was submitted to the Court below to quash the summons; but for what cause the record does not show. This motion was disallowed; and thereupon the defendant, by his counsel, interposed a special demurrer to the petition, assigning as cause of demurrer, " that the said James M. Duncan is declared against therein by the name of J. M. Duncan, *alias* James M. Duncan." The Court gave judgment for the plaintiff below, on the demurrer, for his debt and damages, to be assessed by the clerk; to reverse which, this writ of error is prosecuted, and it is assigned for error,

First, That the writ issued in the cause had not the seal of the Court attached thereto, and that the motion to quash should have been allowed;

Secondly, That it is uncertain, from the petition and summons, against whom the writ issued, and upon whom it should be served; and

Thirdly, That the instrument set forth in the petition and summons, is not a bond or note, within the meaning of the statute, and suit cannot be instituted upon it, under the act of the legislature.

The Court is of opinion that neither of the errors are well assigned. The proceedings are substantially in the form prescribed by the " *Act simplifying Proceedings at Law for the Collection of Debts.*" (1)

The first assignment of error was doubtless predicated upon the omission of the clerk, in making up the record, to denote, by the usual marks, the place of the seal to the summons. This having been suggested by the defendant in error, as diminution of the record, a *certiorari* was awarded to bring up a perfect record, and from an inspection of that, it appears a seal was affixed to the original summons.

As to the second assignment of error, we are of opinion that the averments in the petition are sufficiently technical and appropriate, to make certain the person who is to be called upon to defend the action. In describing the manner in which the bond was made, it might be more technical to allege that the defendant made it by the name, contraction, and abbreviation of J. M. Duncan, but the term *alias*, as used, is equally well understood, and cannot be considered such a departure from correct pleading as to warrant a reversal of the judgment.

The third and last error assigned goes to the instrument itself, as being one not of the description enumerated in the statute. There does not appear to be any ground for this objection. The instrument has all the characteristics of a bond for the payment of money, and is in the usual form of such writings. The record, therefore, showing no such errors as are assigned, the judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*

(1) R. L. 497; Gale's Stat. 538.